# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| DAWNA YOUNG, | ) |
| | ) |
| Plaintiff, | ) |
| | ) No. 2:19-cv-02313-TLP-tmp |
| v. | ) |
| | ) |
| FEDEX EMPLOYEES CREDIT ASSOC., | ) |
| CITY OF MEMPHIS, and SHELBY | ) |
| COUNTY, | ) |
| | ) |
| Defendants. | ) |

## ORDER ADOPTING REPORT AND RECOMMENDATION

Proceeding in forma pauperis, Plaintiff Dawna Young moves to amend her complaint to bring employment-related and constitutional claims against Defendants FedEx Employees Credit Association ("FECA"), City of Memphis, Tennessee ("City of Memphis"), and Shelby County, Tennessee ("Shelby County"). Plaintiff has attached her amended complaint to the motion. (ECF No. 17-1; ECF No. 17-2.) In response, FECA moved for judgment on the pleadings or summary judgment. (ECF No. 19.)

The Magistrate Court issued a Report and Recommendation ("R&R") recommending that the Court grant the motion to amend the complaint. (ECF No. 30.) The Magistrate Court also recommended that the Court dismiss Plaintiff's amended complaint under 28 U.S.C. § 1915(e)(2)(B), which enables the Court to "dismiss [a] case at any time if [it] determines that the . . . the action . . . fails to state a claim on which relief may be granted." (*Id.*) Plaintiff objected to the R&R. (ECF No. 32.) For the reasons below, the Court **OVERRULES**

Plaintiff's objections and **ADOPTS** the Magistrate Court's R&R. The Court thus **DISMISSES** as moot FECA's motion for judgment on the pleadings or summary judgment.

## LEGAL STANDARD

The following standards apply to this case.

**I.     Review of the R&R**

When reviewing a Report and Recommendation from the Magistrate Court,

> [a] judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

28 U.S.C. § 636(b); *accord* Fed. R. Civ. P. 72(b)(3). After conducting a de novo review, a district court need not articulate all the reasons it rejects a party's objections. *See Tuggle v. Seabold*, 806 F.2d 87, 92 (6th Cir. 1986). Nor does it have to review under a de novo standard the portions of the R&R that the parties did not properly object. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). A party objecting to the R&R must do so with enough specificity "to enable the district court to discern those issues that are dispositive and contentious." *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995) (citing *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991)). Also, a party cannot "raise at the district court stage new arguments or issues that were not presented to the magistrate [court]" absent compelling reasons. *Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000) (citing *United States v. Waters*, 158 F.3d 93, 936 (6th Cir. 1998)).

**II.    § 1915**

Under 28 U.S.C. § 1915(e)(2), the Court "shall dismiss [a] case at any time if [it] determines that . . . the action . . . fails to state a claim on which relief may be granted." That

said, "[p]ro se complaints are held to less stringent standards than formal pleadings drafted by lawyers and should therefore be liberally construed." *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quotations omitted).

To determine if Plaintiff's amended complaint states a claim on which relief may be granted, the Court must turn to Federal Rule of Civil Procedure 12(b)(6) for guidance. Under Rule 12(b)(6), the Court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *DIRECTV, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007).

Under this standard, the Court may reject legal conclusions or unwarranted factual inferences. *Hananiya v. City of Memphis*, 252 F. Supp. 2d 607, 610 (W.D. Tenn. 2003) (citing *Lewis v. ACB Business Servs., Inc.*, 135 F.3d 389, 405 (6th Cir. 1998)). The Sixth Circuit has noted "[a] complaint should only be dismissed if it is clear to the court that 'no relief could be granted under any set of facts that could be proved consistent with the allegations.'" *Id.* (quoting *Trzebuckowski v. City of Cleveland*, 319 F.3d 853, 855 (6th Cir. 2003)).

The Court should also consider the allegations in Plaintiff's amended complaint under Federal Rule of Civil Procedure 8(a)(2). Under Rule 8(a)(2), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." This standard does not require "detailed factual allegations," but it does require more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see also Reilly v. Vadlamudi*, 680 F.3d 617, 622 (6th Cir. 2012). Plaintiff must allege facts that are enough "to raise a right to relief above the speculative level" and to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. 544, at 555, 570. "A claim has facial plausibility

3

when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. 662, at 678.

## **FINDINGS OF FACT**

The Court will first address the Magistrate Court's proposed factual findings here. Plaintiff makes three general factual objections to the R&R. First, Plaintiff appears to submit that the R&R failed to address the allegation that she suffered work-related "harassment and discrimination" before March 2017. (ECF No. 32 at PageID 210.) Plaintiff also appears to suggest that the R&R failed to address the allegation that she suffered discrimination "pursuant to [Plaintiff's] race, unequal terms and conditions of employment and marital status." (*Id.*)

The Court rejects Plaintiff's objections because the R&R covered these allegations. The R&R noted that Plaintiff allegedly "began to experience discrimination based on her marital status in February 2017." (ECF No. 30 at PageID 189–190.) It also noted that Plaintiff "complain[ed] of unequal terms and conditions of employment and retaliation." (*Id.* at PageID 190.)

Second, Plaintiff appears to suggest that the R&R did not address her "allegations of entries into [Plaintiff's] domicile on several occasions" after she filed her complaint to the Equal Employment Opportunity Commission ("EEOC"). (ECF No. 32 at PageID 210.) Plaintiff also appears to suggest that the R&R overlooked the interactions she had with the Memphis Police Department that underpin her conspiracy allegations. (*Id.*) Finally, Plaintiff seems to indicate that the Magistrate Court failed to discuss her "post-employment" allegations that show "strong associational ties with [FECA]" and "the appearance of surveillance to prevent an EEOC filing during and after" Plaintiff's job. (*Id.*)

The Court rejects these factual objections because the R&R did not omit discussion of these facts. The R&R noted that, "from December 2017 to September 2018, someone entered [Plaintiff's] home on several occasions and removed items." (ECF No. 30 at PageID 191.) It also noted that Plaintiff alleged that "FECA conspired with other employers to continuously harass her at other jobs," and that "the conspiracy . . . extends to the Memphis Police Department." (*Id.* at PageID 193.) Finally, the R&R discusses at length Plaintiff's "post-employment allegations . . . relating to FECA," including the allegation that "FECA invaded her privacy by using some form of tracking on her social media accounts." (*Id.* at PageID 192–93.)

Third, Plaintiff seems to argue that the Magistrate Court did not address her allegation that FECA "violated [Plaintiff's] privacy pursuant to unreasonable intrusion by giving [her] personal information to co-workers and third-parties assigned to follow or harass." (ECF No. 32 at PageID 210.) Plaintiff also appears to propose that the R&R suggested that FECA has associational ties to law enforcement "due to financial capacity" rather than "financial ties." (*Id.* at PageID 211.) In this way, Plaintiff suggests that the difference between "capacity" and "ties" is material to her amended complaint.

The Court rejects the former contention because Plaintiff's amended complaint does not include allegations of FECA sharing Plaintiff's personal information. The amended complaint suggests that FECA's "Collection Department had the discretion to use Facebook as a collection tool." (ECF No. 17-2 at PageID 102.) But the complaint fails to allege what FECA did with the collected data. The Court also rejects Plaintiff's latter contention because the difference between financial ties or capacity has no bearing on the Court's findings about the amended complaint.

Beyond these factual objections, Plaintiff appears to accept the Magistrate Court's proposed findings as well-taken. And because the Court rejects all Plaintiff's factual objections,

the Court **ADOPTS** the Magistrate Judge's proposed findings of fact in full here. (*See* ECF No. 30 at PageID 2–7.)

## ANALYSIS

I.  **Motion to Amend Complaint**

The parties do not disagree about Plaintiff's motion to amend her complaint. Under Federal Rule of Civil Procedure 15(a)(1)(B), Plaintiff could amend her complaint within 21 days of FECA's answer to Plaintiff's original complaint (ECF No. 14.) Because Plaintiff timely filed her motion, the Court **GRANTS** Plaintiff's motion to amend her complaint. The Court thus turns to assess the merits of Plaintiff's amended complaint under § 1915 (ECF No. 17-1; ECF No. 17-2), which she attached to her motion.

II. **Claims**

  A.  **Title VII**

Plaintiff argues that her "Title VII Discrimination & Hostile Work claims are clearly stated in the original and amended complaint." (ECF No. 32 at PageID 211.) She also argues that the allegations set out in her amended complaint render her Title VII retaliation claim "apparent." (*Id.* at 212) The Court disagrees. For the reasons below, the Court **DISMISSES WITH PREJUDICE** Plaintiff's Title VII against FECA.

Moreover, if Plaintiff intends to assert a Title VII claim against City of Memphis and Shelby County, the Court also **DISMISSES** this claim because she alleges no facts that City of Memphis or Shelby County were ever Plaintiff's employer. *See McQueen v. Equinox Int'l Corp.*, 36 F. App'x 555, 556 (6th Cir. 2002) (finding that a plaintiff may not maintain a Title VII claim if they fail "to establish the existence of an employer-employee relationship between

6

[themselves] and [the defendant].") The Court thus **ADOPTS** the R&R's recommendation to dismiss Plaintiff's complaint in full.

1. Race Discrimination

Title VII prohibits employment discrimination "against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race[.]" 42 U.S.C. § 2000e-2(a)(1). "The essential elements of a Title VII race-discrimination claim are: (1) that the plaintiff is a member of a protected group; (2) that he was subjected to an adverse employment action; (3) that he was qualified for the position; and (4) that either similarly situated, non-protected employees were treated more favorably or he was replaced by someone outside his protected class." *Hood v. City of Memphis Pub. Works Div.*, No. 17-2869, 2018 WL 2387102, at *3 (W.D. Tenn. Jan. 8, 2018) (citing *Younis v. Pinnacle Airlines, Inc.*, 610 F.3d 359, 363 (6th Cir. 2010)). To state a claim of race discrimination under Title VII, a plaintiff must plead facts from which the court can infer that the employer's wrongful conduct related to the plaintiff's race. *See* Williams v. USW, AFLCIO, Local 7697, No. 1:09–cv–743, 2010 WL 909883, at *5 (S.D. Ohio Mar. 10, 2010); *see also Hood*, 2018 WL 2387102, at *3 ("Title VII does not protect against a generally abusive working environment.").

Plaintiff argues that she was subject to disparate treatment due to her race. (ECF No. 32 at PageID 211.) The record does not support this conclusion. On one hand, Plaintiff claims that she suffered race-related discrimination by means of a checkbox in the complaint form. (ECF No. 17-1 at PageID 99.) But, beyond this conclusory allegation, Plaintiff's amended complaint is devoid of any specific facts that describe how Defendants discriminated against her based on her race. *See Iqbal*, 556 U.S. 662, at 681 (admonishing the cursory use of labels and conclusions). Plaintiff's amended complaint has thus failed to state a race discrimination claim

under Title VII. The Court **ADOPTS** the R&R's recommendation and **DISMISSES WITH PREJUDICE** this claim.

### 2. Hostile Work Environment

"To establish a prima facie case of a hostile work environment, a plaintiff must demonstrate that (1) she is a member of a protected class, (2) she was subjected to harassment, either through words or actions, based on her membership in the protected class, (3) the harassment had the effect of unreasonably interfering with her work performance and creating an objectively intimidating, hostile, or offensive work environment, and (4) there exists some basis for liability on the part of the employer." *Parker v. Strawser Constr., Inc.*, 307 F. Supp. 3d 744, 757 (S.D. Ohio 2018) (citing *Grace v. USCAR*, 521 F.3d 655, 678 (6th Cir. 2008)).

To make a "hostile work environment" claim under Title VII, "a plaintiff must plead conduct that was sufficiently severe or pervasive to create an environment that a reasonable person would find hostile or abusive, and that the plaintiff regarded it as such." *Navarro-Teran v. Embraer Aircraft Maint. Servs.*, 184 F. Supp. 3d 612, 622–23 (M.D. Tenn. 2016) (citing *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 21 (1993)). "[S]imple teasing, offhand comments, and isolated incidents (unless extremely serious) will not amount to discriminatory changes in the terms and conditions of employment." *Robinson v. Shelby Cty. Pub. Defender*, No. 2:17-cv-02768, 2018 WL 3077804, at *4 (W.D. Tenn. June 21, 2018) (quoting *Faragher v. City of Boca Raton*, 524 U.S. 775, 788 (1988)).

Moreover, to state a claim for a race-based hostile work environment under Title VII, a plaintiff must allege some form of race-based harassment. *See id.* at *4-5; *see also Farmer v. Cleveland Pub. Power*, 295 F.3d 593, 605 (6th Cir. 2002) ("[A] racial or sexual hostile work

environment claim is cognizable only if the purported harassment, viewed in conjunction with all of the circumstances, occurred because of the employee's race or gender.").

As the Court mentioned above, Plaintiff indicates in her amended complaint that she suffered from racial discrimination during her employment. (ECF No. 17-1 at PageID 99.) Plaintiff also argues that she was the victim of several work-related issues, such as "excessive workloads, "trash cans . . . being placed in [her] seat, [and] other employees clocking [her] in before [she] arrived." (*Id.* at PageID 103.)

That said, Plaintiff's amended complaint does not detail how these work-related issues relate to her belonging to a protected class under Title VII. Said otherwise, Plaintiff's amended complaint does not explain how "the purported harassment . . . occurred because of [Plaintiff's] race." *Farmer*, 295 F.3d 593, at 605. The Court thus finds that Plaintiff has failed to state a hostile work environment claim under Title VII, and it **ADOPTS** the R&R's recommendation to **DISMISS WITH PREJUDICE** this claim.

### 3. Retaliation

Plaintiff argues that her Title VII retaliation claim should survive dismissal because she "attempt[ed] to file an EEOC complaint," experienced "some type of surveillance to monitor [her] every move," and fell victim to gaslighting. (ECF No. 32 at PageID.) The Court finds Plaintiff's position unconvincing.

"To state a claim of retaliation under Title VII, a plaintiff must allege that: (1) he acted in a manner protected by Title VII; (2) the defendant knew of this exercise of protected activity; (3) the defendant subsequently took an adverse action against him; and (4) the adverse action had a causal connection to the protected activity." *Hood*, 2018 WL 2387102, at *5 (citing *Morris v. Oldham Cty. Fiscal Court*, 201 F.3d 784, 792 (6th Cir. 2000)). "[T]here are two types of

'protected activity' for purposes of a Title VII retaliation claim: (1) 'oppos[ing] any practice made an unlawful employment practice' by Title VII, and (2) making a charge, testifying, assisting, or participating in an 'investigation, proceeding, or hearing' under Title VII." *Id.* (quoting 42 U.S.C. § 2000e-3(a)).

The R&R found that "[Plaintiff] alleges three possible instances of engaging in a protected activity. First, [Plaintiff] sent a 'hostile work environment' email to HR while employed with FECA. Second, [Plaintiff] went to the EEOC in September 2017, although she did not file an EEOC charge against FECA at that time. Third, [Plaintiff] filed an EEOC charge against FECA in February 2019." (ECF No. 30 at PageID 200–1.) The R&R then concluded that none of these instances could serve as a basis for a Title VII retaliation claim. To support this conclusion, it stated:

> [Plaintiff's] September 2017 interaction with the EEOC cannot serve as the basis for her retaliation claim because she fails to allege that FECA knew about it, that FECA took any adverse action against her, or that any purported adverse action had a causal connection to this activity. [Plaintiff]'s February 2019 EEOC charge cannot serve as the basis for her retaliation claim because the "retaliatory harassment" alleged in the complaint began *before* she filed the EEOC charge. The "hostile work environment" email, even if it qualifies as an exercise of protected activity, cannot serve as the basis for [Plaintiff]'s retaliation claim because she fails to allege any causal connection between her email and any adverse action attributable to FECA. The isolated incidents alleged to have occurred during her employment do not constitute adverse actions, nor are they purportedly attributable to FECA. Moreover, while Young sent the email in March of 2017, she did not resign until February of 2018, which, taken with the other allegations, lacks the requisite temporal proximity to state a claim of retaliation.

(*Id.* at 201.) (citations omitted). The Court agrees with the Magistrate Court's analysis. It thus **ADOPTS** the Magistrate Court's recommendation and **DISMISSES WITH PREJUDICE** Plaintiff's retaliation claim under Title VII.

**B.	§ 1983**

Plaintiff objects that the she "was not allotted equal protection secured by the Constitution in any aspect." (ECF No. 32 at 213–4.) In this way, she argues that "every report made or attempted to local and federal law officials were dismissed as the record shows . . . with no investigation pursuant to" § 1983. (*Id.*) The Court finds that Plaintiff's position unavailing. For the reasons below, the Court **ADOPTS** the R&R's recommendation and **DISMISSES WITH PREJUDICE** Plaintiff's § 1983 claim.

**1.	FECA**

"To successfully plead a Section 1983 claim, a plaintiff must allege (1) the deprivation of a right secured by the Constitution or laws of the United States and (2) the deprivation was caused by a person acting under color of state law." *Conexx Staffing Servs. v. PrideStaff*, No. 2:17-cv-02350, 2017 WL 9477760, at *2 (W.D. Tenn. Nov. 3, 2017) (citing *Tahfs v. Proctor*, 316 F.3d 584, 590 (6th Cir. 2003)). "A plaintiff may not proceed under § 1983 against a private party 'no matter how discriminatory or wrongful' the party's conduct." *Tahfs*, 316 F.3d at 590 (quoting *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999)).

Plaintiff's § 1983 claim against FECA fails because she makes no allegations that FECA is a state actor. By the same token, Plaintiff has failed to include any facts that would suggest that FECA acted "under the color of law." *Tahfs v. Proctor*, 316 F.3d 584, at 590; *see also Campbell v. PMI Food Equip. Grp., Inc.*, 509 F.3d 776, 783 (6th Cir. 2007) ("[S]ection 1983 does not . . . prohibit the conduct of private parties acting in their individual capacities."). The Court thus **ADOPTS** the R&R's recommendation and **DISMISSES WITH PREJUDICE** Plaintiff's § 1983 against FECA.

### 2. City of Memphis and Shelby County

"[I]t is axiomatic that § 1983 does not impose vicarious liability on a municipality" for its agent's constitutional torts. *Whitlow v. City of Louisville*, 39 F. App'x 297, 301–02 (6th Cir. 2002) (citing *Stemler v. City of Florence*, 126 F.3d 856, 865 (6th Cir. 1997). "[A] plaintiff must show that his injury was caused by an unconstitutional 'policy' or 'custom' of the municipality." *Id.* at 302; *see Monell v. Dept. of Soc. Servs. of New York*, 436 U.S. 658, 692 (1978).

As the R&R also notes, Plaintiff does not allege any facts that suggest that City of Memphis or Shelby County had any "policy" or "custom" that caused her injury. *Monell*, 436 U.S. 658, at 692. The Plaintiff has thus failed as a matter of law to state a § 1983 against City of Memphis and Shelby County. The Court thus **ADOPTS** the R&R's recommendation and **DISMISSES WITH PREJUDICE** Plaintiff's § 1983 against Defendants.

### C. § 1981

Plaintiff objects that she has "suffered several differential treatment from local public accommodations and throughout the city and county and across statelines [sic]." (ECF No. 32 at PageID 214.) The Court finds that this objection does not reflect the record. The Court thus **ADOPTS** the R&R's recommendation and **DISMISSES WITH PREJUDICE** Plaintiff's § 1981 against FECA, City of Memphis, and Shelby County.

"To state a claim under § 1981, a plaintiff must plead . . . that 'he belongs to an identifiable class of persons who are subject to discrimination based on their race' and that 'the defendant intended to discriminate against him on the basis of race.'" *Moniz v. Cox*, 512 F. App'x 495, 500 (6th Cir. 2013) (quoting *Amini v. Oberlin Coll.*, 440 F.3d 350, 358 (6th Cir. 2006)); *see also Gen. Bldg. Contractors Ass'n, Inc. v. Pennsylvania*, 458 U.S. 375, 391 (1982).

As mentioned above, and as the R&R states, Plaintiff's amended complaint fails to give any factual details about Defendants' racial discrimination against Plaintiff. Plaintiff's amended complaint has thus failed to state a § 1981 claim against Defendants. The Court **ADOPTS** the R&R's recommendation and **DISMISSES WITH PREJUDICE** this claim.

**D.     § 1985**

Plaintiff objects that her § 1985 claim "has been displayed throughout the docket." (ECF No. 32 at PageID 214.) Notwithstanding that Plaintiff has not objected to the R&R with the specificity required "to enable the district court to discern those issues that are dispositive and contentious," *Miller*, 50 F.3d 373, at 380, the Court finds that the allegations in Plaintiff's amended complaint fail to state a claim under § 1985. The Court thus **ADOPTS** the R&R's recommendation and **DISMISSES WITH PREJUDICE** Plaintiff's § 1985 against Defendants.

"To sustain a claim under section 1985(3), a claimant must prove both membership in a protected class and discrimination on account of it." *Estate of Smithers v. City of Flint*, 602 F.3d 758, 765 (6th Cir. 2010) (citing *Bartell v. Lohiser*, 215 F.3d 550, 559 (6th Cir. 2000)). Said otherwise, "there must be proof of 'some racial, or perhaps otherwise class-based, invidiously discriminatory animus.'" *Id.* (quoting *Bartell*, 215 at 559-60).

Plaintiff's § 1985 claim fails for the same reason as many of her claims analyzed above. The amended complaint does not include details about how Defendants discriminated against Plaintiff on account of her race. Plaintiff's amended complaint has thus failed to state a § 1985 claim against Defendants. The Court **ADOPTS** the R&R's recommendation and **DISMISSES WITH PREJUDICE** this claim.

## **CONCLUSION**

For the reasons above, the Court finds that Plaintiff's amended complaint "fails to state a claim on which relief may be granted" against Defendants. The Court thus **ADOPTS** the R&R's recommendation to **DISMISS WITH PREJUDICE** Plaintiff's amended complaint.

**SO ORDERED**, this 17th day of October, 2019.

    s/Thomas L. Parker
THOMAS L. PARKER
UNITED STATES DISTRICT JUDGE